IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN L. MARSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-127-D |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Plaintiff's Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(b) [Doc. No. 30] and supporting brief [Doc. No. 31], by which Plaintiff's counsel seeks an award of attorney fees in the amount of $9,089.75 under 42 U.S.C. § 406(b). The Acting Commissioner has filed a timely response to the Motion, but takes no position concerning the reasonableness of the fee request. Instead, the Acting Commissioner urges the Court to undertake an independent review and to determine the reasonableness of the request under controlling law. Also, the Acting Commissioner concedes that Plaintiff's attorney is requesting 25% of Plaintiff's award of past-due benefits and that counsel did not receive any of the fee previously awarded under the Equal Access to Justice Act (EAJA) because it was withheld by the United States Treasury to offset Plaintiff's past-due obligation to pay child support.

Upon consideration of the Motion in light of *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), and *Wrenn v. Astrue*, 525 F.3d 931 (10th Cir. 2008), the Court finds that Plaintiff's attorney may recover a reasonable fee for the representation of Plaintiff in this case up to the statutory maximum amount of 25% of past-due benefits, or $9,089.75. The supporting documents submitted with the

Motion, as well as the case record, reveal that Plaintiff's attorney of record devoted a total of 27.10 hours of legal work to this case and that Plaintiff executed a contingent fee agreement by which he agreed that his attorney would be paid the greater of 25% of past-due benefits or the amount of any EAJA fee payment. Through counsel's efforts, Plaintiff received a favorable judicial decision. *See* Judgment and Order of Remand [Doc. No. 23]. After remand, Plaintiff was determined to be entitled to benefits and was awarded a past-due amount, from which $9,089.75 was withheld as the maximum amount that could be requested for payment of counsel. The Motion was timely filed within a reasonable time after notice of the past-due award.

Under the circumstances presented, the Court finds that the requested amount of $9,089.75 represents a reasonable fee for the work done in this case in view of the nature of the representation and the results achieved, and that this amount does not exceed 25% of Plaintiff's award of past-due benefits obtained by reason of the Judgment entered July 30, 2013. The Court therefore finds that the Motion of Plaintiff's attorney should be granted. The Court further finds that counsel should not be required to refund the amount of $4,985.00 previously awarded under EAJA because counsel received no part of that award. *See Reeves v. Astrue*, 526 F.3d 732, 737 (11th Cir. 2008) (the provision for refund of EAJA awards "only comes into play after the attorney actually *receives* double fees for the same work;" it "is not implicated, in a case like this, where the attorney never receives the proceeds of an EAJA award") (emphasis in original); *accord Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009).

IT IS THEREFORE ORDERED that the Motion for Relief Pursuant to Fed. R. Civ. P. 60(b)(6) [Doc. Nos. 30] is GRANTED. The Court approves an award of attorney fees under 42

U.S.C. § 406(b) to Plaintiff's counsel of record and signatory to the fee agreement, Kyle J. Saunders of Saunders & Saunders, P.C., in the amount of $9,089.75.

IT IS SO ORDERED on this 6th day of March, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE